UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATASHA MOORE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-2881-X |
| § | |
| KNIGHT REFRIGERATED LLC and § | Consolidated with 3:24-CV-0747-X |
| ROBERT JOHN NEFF, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT**

Before the Court is defendants Knight Refrigerated LLC (Knight) and Robert John Neff's motion for summary judgment. (Doc. 13). For the reasons below, the Court **GRANTS** Knight and Neff's motion for summary judgment.

### I.   Factual Background

This case arises from a car accident in March 2022. Neff, driving a semi, pulled out of a parking lot onto W. Keist Boulevard, and Jabari Ware collided with the Knight trailer Neff was towing. The crash report states that, as Ware crested a hill, he saw Neff crossing the highway to turn left out of a driveway, swerved, and hit the end of the Neff's trailer before veering off the road and into utility box and a tree. And deposition testimony reveals that Ware was driving 72.7 miles per hour where the speed limit was 45. Natasha Moore and K.W. (a minor) were passengers in Ware's

1

car. The accident allegedly damaged Ware's vehicle and injured all three plaintiffs, resulting in medical treatment.

Moore filed suit in Texas state court in October 2023, and Knight and Neff removed to federal court. Then Ware, individually and as next friend of K.W., filed suit in state court, Knight and Neff removed, and the two cases were consolidated.

Knight and Neff moved for summary judgment on all claims, arguing that they neither breached a duty owed to the plaintiffs nor proximately caused Moore, Ware, and K.W.'s alleged injuries. The plaintiffs did not file a response.

## II.   Legal Standards

Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] So to defeat a motion for summary judgment, the non-movant must "identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim."[2] A court will not grant summary judgment just because the nonmovant failed to respond, but it may find the motion's statement of facts undisputed.[3]

In ruling on summary judgment, the court views all facts in a light most favorable to the nonmovant—here, Moore and Ware—and resolves all factual disputes in their favor.[4] "A fact is material if it might affect the outcome of the suit,"

---

[1] Fed. R. Civ. P. 56(a).

[2] *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (cleaned up).

[3] Fed. R. Civ. P. 56(e)(2); *e.g.*, *Smith v. AZZ Inc.*, 2021 WL 1102095, at *3 (N.D. Tex. Mar. 23, 2021) (Pittman, J.) (citing *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988)).

[4] *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988).

and a "factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," that "complete failure of proof . . . necessarily renders all other facts immaterial."[6] And "[m]ere conclusory allegations are not competent summary judgment evidence, and are thus insufficient to defeat a motion for summary judgment."[7]

### III.   Analysis

Moore and Ware brought various negligence claims against the defendants: negligence and negligence per se as to Neff and to Knight through respondeat superior; and negligent entrustment, negligent hiring, and negligent supervision as to Knight.  Knight and Neff ask the Court for summary judgment on each of these claims because the plaintiffs failed to provide evidence of necessary elements.

### A.   Negligence and Respondeat Superior

To establish a valid negligence claim, a plaintiff must show "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by that breach."[8]  And to hold an employer vicariously liable for its employee's actions

---

[5] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (cleaned up).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[7] *Holmes v. N. Tex. Health Care Laundry Coop. Assoc.*, 304 F. Supp. 3d 525, 539 (N.D. Tex. 2018) (Lindsay, J.) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)).

[8] *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

through respondeat superior, a plaintiff must show that the employee was "acting within the scope of his or her agency or employment."[9]

Knight and Neff argue the plaintiffs failed to produce any evidence that Neff breached his duty of care or that such breach proximately caused the plaintiffs' injuries. Ware's complaint states that Neff failed to "timely apply the brakes," "maintain a proper lookout," "maintain proper control of [his] vehicle," "turn the vehicle to avoid the collision," "yield the right-of-way," "stop in time to avoid the accident," and "control the speed of the vehicle" and that he "caus[ed] a collision of the vehicle, which resulted in serious injuries."[10] Moore's complaint lists similar statements, like that Neff failed "to keep a proper lookout for Plaintiff's safety," "to yield as a person of prudent care would have done," and "to comply with the Federal Motor Carrier Safety Regulations."[11] None of these statements is supported with any evidence.

Because the plaintiffs failed to respond to the motion for summary judgment with any supporting facts, their claims for negligence fail. And if their negligence

---

[9] *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).

[10] *Ware v. Knight Refrigerated LLC*, Civil Action No. 3:24-cv-747-x, Doc. 1-2 at 2 (consolidated with above-styled case).

[11] Doc. 1-2 at 4.

claims against Neff fail, their respondeat superior claims against Knight necessarily fail as well.

### B. Negligent Entrustment, Hiring, and Supervision

Negligent entrustment, hiring, and supervision all build on a common-law negligence framework. To bring a valid negligent entrustment claim against a vehicle owner, a plaintiff must prove the owner (1) entrusted the vehicle (2) to an unlicensed, incompetent, or reckless driver, (3) who the owner knew or should have known was unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident.[12]

Negligent hiring and supervision are "simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability."[13] Both of these claims again require the showing of a duty, breach, and damages proximately caused by the breach.[14] The duty is that of hiring competent employees, and in the context of a motor carrier, "tak[ing] steps to prevent injury to the driving public by determining whether an applicant to drive one of its trucks is competent and qualified."[15] To establish "the required nexus" between an employee's competence as a driver (or lack thereof) and the accident, "Texas courts appear to require that the

---

[12] *Wright v. Weaver*, 516 F. App'x 306, 309 (5th Cir. 2013).

[13] *Philips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 648 (S.D. Tex. 2016) (citing *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 810 (Tex.App.—Austin 1997, no writ)).

[14] *Id.*

[15] *Id.* (citing *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Forth Worth 2002, no pet.)).

record contain recent and/or frequent violations that are violations related to the accident at issue."[16]

But Moore and Ware failed to provide any evidence related to Neff's competence or qualifications as a driver or to Knight's hiring or training processes as an employer. And even if they had, the defendants' summary judgment evidence suggests the accident would not have had a nexus anyway: Ware was driving 22.7 miles per hour over the speed limit,[17] and the accident report states that he "used faulty evasive action" to avoid Neff's truck after he crested a hill "and observed [Neff] already entering onto Kiest Blvd."[18] Therefore, with no facts to support that Knight entrusted its vehicle to an unlicensed, incompetent, or reckless driver or that it breached a duty to hire and supervise competent employees, Moore and Ware's negligent hiring, entrustment, and supervision claims fail.

### C.     Negligence Per Se

Negligence per se defines the duty element of common-law negligence with statutory duties.[19] A "plaintiff must be able to point to a statute he alleges the defendant violated" to establish a claim for negligence per se.[20] Moore alleges that Knight and Neff violated sections 542.206, 545.062, and 545.351 of the Texas Transportation Code, and rules 390.11, 391.11, 391.13, and 392.6 of the Federal

---

[16] *Id.* at 651 (citing *Morris*, 78 S.W.3d at 51–52)).

[17] Doc. 13-2.

[18] Doc. 13-1 at 2.

[19] *See Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997).

[20] *Ordonez v. Ausby*, 2023 WL 310442, at *8 (W.D. Tex. Jan. 18, 2023).

6

Motor Carrier Safety Regulations.  Ware also alleges Knight and Neff violated section 545.351 of the Texas Transportation Code.

Because of the nature of claims for negligence per se, they require a clear standard of conduct and cannot arise from statutes that incorporate a standard of reasonable care.[21]  But sections 545.062 and 545.351 do just that—requiring a driver to "maintain an assured clear distance" when following another car such that the other driver can safely stop considering the circumstances[22] and prohibiting drivers from exceeding "a speed greater than is reasonable and prudent under the circumstances,"[23] respectively.  Thus, they cannot support claims for negligence per se.[24]

Section 542.206 merely clarifies that "a maximum or minimum speed limit does not relieve the plaintiff in a civil action from the burden of proving negligence of the defendant as a proximate cause of a collision."[25]  This provision doubly cuts against the plaintiffs: not only did they present no evidence that Neff was exceeding the speed limit, but they would still have to prove further negligence if they did.  And

---

[21] *See id.* at *7.

[22] Tex. Transp. Code § 545.062(a).

[23] Tex. Transp. Code § 545.351(a).

[24] *Ordonez*, 2023 WL 310442, at *7, *10 & n.18 (collecting cases rejecting section 345.351 as a basis for a negligence per se claim).

[25] Tex. Transp. Code § 542.206.

further, the statute sets no standard Knight and Neff could have violated as the basis of a negligence per se claim.

The Federal Motor Carrier Safety Regulations Moore alleges Knight and Neff violated are rule 390.11, which imposes on carriers the responsibility to enforce all duties and prohibitions placed on drivers;[26] rule 391.11, which prohibits a person from driving a commercial motor vehicle unless he is qualified;[27] rule 391.13, which prohibits carriers from allowing a person to drive who cannot safely transport cargo;[28] and rule 392.6, which prohibits carriers from setting schedules that force their drivers to exceed speed limits to meet them.[29] Even assuming these rules could support claims for negligence per se, Knight and Neff offered no evidence to support such claims.

Therefore, all of Moore and Ware's negligence per se claims fail.

## IV.    Conclusion

For the reasons stated above, the Court **GRANTS** Neff and Knight's motion for summary judgment as to all claims because Moore and Ware failed to offer any evidence to support their claims.

---

[26] 49 C.F.R. § 390.11.

[27] 49 C.F.R. § 391.11.

[28] 49 C.F.R. § 391.13.

[29] 49 C.F.R. § 392.6.

**IT IS SO ORDERED** this 1st day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE